UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TAVARIS JAVAHN WILLIAMS,

       Plaintiff,

v.

UNKNOWN NOLAN et al.,

       Defendants.
_____/

Case No. 2:25-cv-115

Hon. Hala Y. Jarbou

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The

events about which he complains occurred at that facility. Plaintiff sues the following URF staff: Quarter Master Clerk Unknown Nolan and Warehouse Supervisor D. Beseau.

Plaintiff alleges that, upon arrival to URF, Plaintiff had only the clothing that he arrived in, consisting of underwear, "state blues," and a coat. (Compl., ECF No. 1, PageID.4.) Plaintiff requested clean clothing and a shower from Defendant Nolan but was "deprived of sanitation for 6 days" and denied a change of clothing for "up to a month." (*Id.*) Plaintiff claims that without a shower and clean clothing, Plaintiff was "extremely stinky, suffered "extreme mental problems, issues with [his] bunky, and consistent ridicule by inmates." (*Id.*) Plaintiff further alleges that Defendant Beseau "neglected his job to make sure [Defendant Nelson] did his job." (*Id.*)

As a result of the events described in Plaintiff's complaint, Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.*, PageID.5.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

2

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    **A.**    **Claims Against Defendant Beseau**

Plaintiff alleges only that Defendant Beseau "neglected his job to make sure [Defendant Nelson] did his job." (Compl., ECF No. 1, PageID.4.) However, government officials, such as Defendant Beseau, may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a

3

supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (citation omitted) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (first citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), then citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Plaintiff fails to allege any facts that would plausibly suggest that Defendant Beseau authorized, approved, or knowingly acquiesced in any unconstitutional conduct. Indeed, there is nothing to indicate that Defendant Beseau was even aware of Plaintiff's requests for a shower and clean clothing. Therefore, Plaintiff fails to state a claim against Defendant Beseau and his claims against Defendant Beseau will be dismissed.

### B.    Eighth Amendment Claims

Plaintiff alleges that Defendant Nolan deprived Plaintiff of a shower for six days and a change of clothing for "up to a month." (ECF No. 1, PageID.4.) He claims that these actions amounted to "inhumane treatment" in violation of his Eighth Amendment rights. (*Id.*) The Eighth

4

Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under

5

conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836.

As to Plaintiff's claim that he requested a shower but was denied "sanitation" for six days, Plaintiff fails to satisfy the initial objective prong. The Sixth Circuit has explained in no uncertain terms: the "deprivation of a shower and other personal hygiene items for . . . six days is not actionable conduct." *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (cleaned up). Therefore, the Court will dismiss Plaintiff's Eighth Amendment claim regarding the denial of his request for a shower for six days.

As to Plaintiff's claim that he was denied a change of clothing for up to a month, the Court notes that clean clothing, to be sure, is a basic human need. *See Farmer*, 511 U.S. at 832 (recognizing "clothing" as a basic need). But Plaintiff's allegation that Defendant Nolan deprived Plaintiff of a change of clothing for 30 days does not, by itself, implicate the Eighth Amendment.

Although the odors associated with dirty clothing may be unpleasant, temporary exposure to "extremely stinky" conditions is an inconvenience, not a denial of life's necessities. Thus, courts have held that requiring prisoners to wear the same clothing for clothing for 30 days does not state an Eighth Amendment violation. *See, e.g.*, *Stallworth v. Wilkins*, 802 F. App'x 435, 444 (11th Cir. 2020) (holding that plaintiff's inability to "exchange [his] laundry" or "wash [his] clothes or bed sheets" for 30 days did not rise to the level of a constitutional violation); *see also Wiley v. Ky. Dep't of Corr.*, No. Civ. A. 11-97, 2012 WL 5878678, at *4 (E.D. Ky. Nov. 21, 2012) (holding

6

that a fourteen-day deprivation of clean clothing was lawful); *McCorkle v. Walker*, 871 F. Supp. 555, 557 (N.D.N.Y. 1995) (holding that a fifteen-day deprivation of clean clothing was lawful). Courts have even allowed longer deprivations when prisoners could wash their single set of clothing through other means, such as in a sink with soap. *See, e.g.*, *Jordan v. MacDonald*, No. 4:24-cv-9, 2025 WL 1559616, at *6 (N.D. Miss. June 2, 2025) (denying inmates laundry services for nearly eleven months did not state Eighth Amendment claim where inmates were able to wash their clothing in sinks and toilets and plaintiff did not allege that washing his laundry in this way caused him any injury); *Dossett v. Neal*, No. 3:22-cv-104, 2023 WL 34626, at *2 (N.D. Ind. Jan. 3, 2023) (plaintiff's allegations did not "implicate constitutional concerns" where plaintiff alleged that "he had to wear the same boxer shorts, socks, and t-shirt for five months without them being laundered" but plaintiff's cell had sink and bar of soap).

Moreover, absent "a severe or prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment," an inmate fails to state a claim for damages based upon unsanitary clothing or living conditions unless the inmate claims to have "suffered a physical injury or a disease as a result of these conditions." *Hill v. Matthews*, No. 1:19-cv-853, 2020 WL 502607, at *10 (W.D. Mich. Jan. 31, 2020) (quoting *Brown v. Timmerman-Cooper*, No. 2:10-cv-283, 2013 WL 430262, at *2 (S.D. Ohio Feb. 4, 2013)); *see also Taylor v. Wright*, No. 20-13041, 2023 WL 5822761, at *3 (E.D. Mich. Apr. 19, 2023) (dismissing Eighth Amendment claim because plaintiff did not allege that he suffered any injury or contracted any disease as a result of wearing the same clothes for 20 days without laundry service), *adopted*, 2023 WL 4906586 (E.D. Mich. Aug. 1, 2023); *Cook v. Leitheim*, No. 1:22-cv-630, 2022 WL 3040342, at *5 (W.D. Mich. Aug. 2, 2022) (dismissing claim alleging that plaintiff was forced to wear the same outfit and underclothes for two weeks where plaintiff did not allege actual physical harm resulted).

Here, Plaintiff fails to allege that he suffered any actual physical harm or a serious risk of physical harm because of having to wear the same clothing for up to a month. Indeed, Plaintiff's complaint indicates that Plaintiff was provided with a shower and "sanitation" within the first week of his transfer to URF. There is nothing to indicate that Plaintiff was without soap or water after those first six days, that he was otherwise unable to clean his initial set of clothing, or that he suffered any disease or physical harm as a result of having only one set of clothing.

Ultimately, the facts alleged in Plaintiff's complaint do not plausibly suggest that Plaintiff "faced a sufficiently serious risk to his health or safety" in the month following his transfer to URF. *Mingus*, 591 F.3d at 479–80. Accordingly, Plaintiff fails to state an Eighth Amendment claim upon which relief can be granted.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this Opinion will be entered.

Dated: August 18, 2025           /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE